Dear Ms. Greco:
In your capacity as general counsel to Sheriff Elmer B. Litchfield, you have requested the opinion of this office regarding Act 601 of 1988 ("Act 601").
Act 601 amended LSA-R.S. 47:2101, which provides for the accrual of interest on delinquent ad valorem taxes after December 31 of each year. Pursuant to Act 601, the second and third sentences of LSA-R.S. 47:2101A(3) were added thereto, and as amended that section now reads:
 "The interest on all ad valorem taxes, whether levied on movable or immovable property, which are delinquent shall begin on the thirty-first day of December of each and every year and shall bear interest at the rate of one and one-fourth per centum per month or any part thereof from December thirty-first of said year. In the event of an erroneous assessment and adjustment by the tax commission, the taxpayer shall have fifteen days from receipt of notice of the revised assessment in which to pay the adjusted amount without interest penalty. If the address provided by the tax assessor on the tax roll proves to be incorrect and the tax debtor does not receive a timely notice, the tax collector may extend to the debtor a fifteen-day notice in which to pay without interest penalty." (Note: italicized portions were added by Act 601).
Your first question is whether the third sentence quoted above refers (a) only to the time for paying the revised assessment (as indicated in West's historical notes), or (b) whether it authorizes the Sheriff to give an extension for payment of any tax, canceling all interest which has accrued in the interim, at any time upon learning that the tax roll address is incorrect and that the tax debtor did not receive previous notices.
It is the opinion of this office that the language added to LSA-R.S. 47:2101 by Act 601 only refers to the time for paying the adjusted amount of an assessment revised by the Tax Commission. We note that only erroneous assessments, not all taxes, are the subject of the first sentence added to LSA-R.S.47:2101 by Act 601. Furthermore, the rules of statutory construction prohibit this office from interpreting the second sentence in a manner that would expand its scope beyond erroneous assessments. There is no indication that the legislature intended the language contained in the second sentence added to LSA-R.S.47:2101 by Act 601 to extend to any assessments other than those referred to in the first sentence. As such, it is also our opinion that Act 601 does not provide authorization for the Sheriff to give extensions for the payment of all taxes, he is only authorized to grant extensions in connection with revised assessments.
In reaching the above determination, we are guided by the following rules of statutory construction: Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. Art. 12. In the construction of statutes, words are to be taken and construed in the sense in which they are understood in common language, giving consideration to the text and subject matter relative to which the words are employed. Martin v. Martin, 92 So. 46 (La. 1922). When the language of a statute must be interpreted in an effort to carry out the obvious intent, the interpretation may be availed of to restrict but not to extend or enlarge the enactment. State ex rel. Noe v. Knop, 190 So. 135, (La.App., 1939).
Your letter also requested that if we determined that LSA-R.S. 47:2101 authorized extensions for any tax, as opposed to merely a revised assessment, that we also address whether there is a time limitation on when the incorrect address/lack of notice may be raised. In light of our determination that LSA-R.S.47:2101 only provides authorization for the Sheriff to give extensions for payment of revised assessments, our need to address this issue is obviated.
You have also asked this office to examine whether an address that is listed on a tax roll and that "proves to be incorrect" includes listings: (i) that were originally correct, but that are currently incorrect because the owner has moved, (ii) in the name of a previous owner with the current owner's correct address, and (iii) which correctly list one co-owner but omit another.
Our research did not reveal any statutory definitions of the either the term `prove' or the term `incorrect'. However, we are guided by LSA-R.S. 1:3 in the interpretation of statutes, and conclude that the term must be construed according to its common and ordinary usage. According to the American Heritage College Dictionary (Third Edition), published by Houghton Mifflin Company, `prove' means "to establish the truth or validity of by presentation of argument or evidence", "to demonstrate the validity of" or "to verify". `Incorrect' is defined as "Not correct; erroneous or wrong."
Based upon these definitions, it is our opinion that if the tax collector establishes or verifies that an address is not correct, or is erroneous or wrong, then he may extend to the debtor the fifteen-day notice referred to in the statute. It is our further opinion that all of the examples of listings you asked about can all be considered as incorrect.
Lastly, you have asked that we address the type of proof a debtor must provide to the Sheriff in order to establish that he is entitled to the fifteen-day notice in which to pay. Regrettably, the statute does not address this issue, nor did our research reveal any other provision of law that does.
We are compelled to point out that LSA-R.S. 47:2101 does not require the tax debtor to "prove" that his address is incorrect, nor does it indicate that the Sheriff must receive a particular sort of proof. It is our advice that the Sheriff endeavor to reasonably determine to his own satisfaction whether a particular address is correct or incorrect, and whether or not a tax debtor has received a timely notice of the revised assessment. The Sheriff may also wish to seek legislative clarification or direction with regard to this matter at the next general legislative session.
We trust the foregoing to be of assistance. Should the Sheriff need further information, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
RPI:JMZB:jv